## Insurance Company *v.* Ayers.

### (*Jackson.* May 3, 1890.)

1. FIRE INSURANCE. *Policy construed so as to give indemnity.*

   The sole object of insurance being indemnity against loss, any ambiguity in the policy will be resolved against the insurer so as to effectuate that purpose.

   (See Hoffman *v.* Insurance Companies, *post*, p. 735.)

2. SAME. *Measure of insurer's liability for loss under a distributable policy.*

   Where a $1,000 fire policy is placed upon an aggregate valuation of $3,510, distributed over ten separate and distinct parcels of property of varying estimated values, and the policy provides that it "covers *pro rata* on *each*" of the items, the measure of the insurer's liability for loss under such policy must be determined upon consideration of each item separately from the others, and may equal, but cannot exceed, $\frac{1000}{3510}$ of the values fixed upon the respective items in the policy.

   (See Hoffman *v.* Insurance Companies, *post*, p. 735.)

3. ERROR. *In charge of Court material, when.*

   An erroneous statement of the law in the Court's charge is material and constitutes reversible error, where it appears that it may have influenced the jury's verdict upon conflicting evidence.

4. SAME. *Same.* *Requests for additional instructions unnecessary, when.*

   Positive error in Court's charge is not waived by party's failure to ask its correction by special requests for additional instructions.

---

FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

POSTON & POSTON for Insurance Company.

C. W. HEISKELL for Ayers.

FOLKES, J. This was a suit by Ayers against the insurance company to recover for a total loss the full sum of one thousand dollars named in the policy upon gin-house, machinery, etc.

There was verdict and judgment for Ayers for the total amount of the insurance. Motion for new trial having been made and overruled, the company has appealed in error.

The error assigned is in the charge of the Court, wherein the following language was used, to wit: " The Court charges you that it is his duty to construe this policy of insurance, and it charges you that the policy insured this plaintiff for one thousand dollars; and if you find from the evidence that three-fourths of the value of the property lost under this policy amounted to more than one thousand dollars, your verdict should be for the full amount of the policy. If you should find otherwise as to value, you should make the calculation, and allow only a *pro rata* of the amount."

To determine whether the construction placed by the Court upon the policy of insurance be correct or not, we must examine the policy itself.

The policy reads as follows: " In consideration of sixty-seven dollars and fifty cents, and of the agreements and conditions herein contained, the

---

Citizens' Insurance Company does insure E. M. Ayers to the amount of one thousand dollars."

This policy, being for one thousand dollars, covers *pro rata* on *each* of the following amounts:

|  | Sum Insured. |
|---|---|
| On steam-power two-story gin-house built of cypress and covered with cypress boards . . . . . . . . . . . . . | $   800  00 |
| On two gin-stands of eighty saws, $400 (being $200 on each); on two condensers, $100 (being $50 on each) . . . . . . | 500  00 |
| On two feeders and breakers, $100 (being $50 on each) . . . | 100  00 |
| On engine and boiler . . . . . . . . . . . . . . . . | 600  00 |
| On press . . . . . . . . . . . . . . . . . . . . . . | 200  00 |
| On running-gear and appurtenances, including belting . . . | 100  00 |
| On cotton-seed therein, $150; on grist-mill attached, $185 . . | 335  00 |
| On assured's cotton, ginned and unginned, packed and unpacked, in said gin-house . . . . . . . . . . . . . . | . . . . |
| On cotton held in trust or on commission, for which assured may be liable, therein . . . . . . . . . . . . . . . | 500  co |
| On saw-mill attached . . . . . . . . . . . . . . . . . | 375  00 |

$3,510  00

All located on plantation, etc.

The policy contained what is known in insurance business as the "country or three-fourths clause," wherein it is stipulated "that in case of any loss or damage under this policy, this company shall be liable only for three-fourths of said loss, not exceeding the sum herein insured, the other one-fourth to be borne by the assured; and in case of other insurance permitted, this company to be liable only for its proportion of three-fourths of such loss or damage, * * * the amount of loss or damage to be estimated at the actual cash value of the property at the time of the fire, which loss or damage shall in no case exceed

what it would then cost to repair or replace the same, deducting therefrom a suitable amount for any depreciation of such property."

The record shows that the assured had made application for $3,510 of insurance upon property valued by him at $5,600, the $3,510 to be distributed upon each item for the amount therein stated, as indicated in the items and amounts we have already copied above. The application was not addressed to this company, but to a different company, and, as shown by Mr. Ayers' testimony, was sent to Murphy & Murphy, insurance agents at Memphis, to be placed.

For some reason, not explained in the record, the agents were unable to obtain but one policy— the one sued on.

The fact that other insurance was sought by the assured, and not obtained, does not affect the liability of this company one way or the other. There is nothing in the policy sued on concerning other insurance, except that if any be obtained it is to contribute to the loss in proportion to its amount.

The proof is conflicting as to the cash value of the property at the time of the loss. It is shown to have been a total loss, except as to the engine and boiler.

The adjuster for the company presented a carefully prepared tabulated statement of his estimate of such value as applied to each item enumerated in the policy, wherein he placed the actual loss,

after deducting depreciation, and after deducting the one-fourth to be borne by the assured under the terms of the policy, at $1,793.43. Applying to this valuation the interpretation placed by the company upon the *pro rata* clause or stipulation in the policy, he figured the total of assured's right to recover at $510.82. The assured, on the contrary, undertook to establish, and his proof tends to show, that his loss has exceeded the full amount of the policy, upon any construction thereof, whereupon he insists that, even if the company's construction of the policy be correct, the verdict should stand as representing a proper result, even if the charge were erroneous. This would be so if there was no proof in the record other than that furnished by the assured, and the error of the Court, if it be an error, might be said to be immaterial.

But, as we have already shown, the proof offered by the company reduces the loss to such a figure, that if its construction of the policy be correct, the total amount is largely less than the face of the policy.

Upon this conflict in the proof the company is entitled to go before the jury under a proper charge. This renders it necessary for us to construe this policy.

It is elementary that if there be any ambiguity in the policy, it will be resolved against the company issuing it, and will be so construed as to give to the assured that which is the sole object of

insurance so far as the assured is concerned, to wit, indemnity.

But is there any ambiguity about this policy? We think not. Its language is explicit. "This policy, being for $1,000, covers *pro rata on each* of the following amounts," etc. Then follows, as we have seen, a carefully prepared statement of each item, with the sum insured thereon, upon and amongst which the $1,000 is to be prorated.

The meaning and intention of the parties seems to us perfectly clear. It is that the sum of $1,000 is to be distributed upon each item named, with reference to the insurable value placed thereon, in proportion that the $1,000 of total insurance bears to the $3,510 of aggregate value. That is, $\frac{1000}{3510}$. To figure it out exactly upon each of the items, it would be as follows:

|  | Sum in Policy. | Pro rata. |
|---|---|---|
| Gin-house | $ 800 00 | $ 227 92 |
| Gin-stands | 500 00 | 142 45 |
| Feeders | 100 00 | 28 49 |
| Engine and boiler | 600 00 | 170 94 |
| Press | 200 00 | 56 98 |
| Running-gear | 100 00 | 28 49 |
| Cotton seed | 150 00 | 42 73 |
| Grist-mill | 185 00 | 52 71 |
| Cotton | 500 00 | 142 45 |
| Saw-mill | 375 00 | 106 84 |
|  | $3,510 00 | $1,000 00 |

To hold otherwise would be to ignore altogether the special provision as to *pro rata.* While we are authorized to *construe* the policy, we are not at liberty to *strike out* absolutely a carefully inserted and detailed provision thereof.

To construe it at all is to reach the conclusion that we have announced. We know of no other construction that can be given to the *pro rata* provision, where there is no other insurance to which the words can apply.

The instruction as given by the learned trial Judge would make the company liable for the full amount of the policy had there been no injury whatever to half of the articles insured, provided the actual loss on the half destroyed equaled $1,000 in value, thus ignoring the fact that the policy does not contemplate a $1,000 risk on $3,510 of gross value, but a risk upon each of a number of enumerated articles, the amount of the policy to be *prorated* upon each article in the ratio already given.

While it may be that a new trial will result in a verdict for the full amount of the policy, it is none the less our duty to reverse and remand, where the proof is conflicting as to the actual loss upon each of the articles insured.

This is not a case where the failure to ask further instructions will defeat the right to new trial. It is not a case of meager instructions, correct as far as they go, but is a positive misconstruction of the contract sued on. No question is made upon the "three-fourths clause," and it has therefore not been considered.

Let the judgment be reversed, and new trial awarded.