## FINTON v. MERCURY MOTORS, INC., et al.— 194 S. W. (2d) 354.

Western Section. November 15, 1945.

Petition for Certiorari denied by Supreme Court, March 2, 1946.

Armstrong, McCadden, Allen, Braden & Goodman and Herbert Gannaway, all of Memphis, for plaintiff in error.

Robert M. Nelson and Graham Moore, both of Memphis, for defendant in error.

BAPTIST, J. The parties will be called plaintiff and defendants as in the Circuit Court.

The action is brought by the plaintiff, D. M. Finton, administrator of the estate of David Warren Finton, deceased, against the defendants Mercury Motors, Inc., and Clifford W. Coleman, in which it is alleged and contended that the plaintiff's intestate, his son four years old, was killed on the streets of Memphis and that his death was caused by the negligence of the defendant Clifford W. Coleman, a servant of the defendant Mercury Motors, Inc., in driving said defendant's truck on said streets.

The declaration is in the three counts. The first count charges that on or about August 5, 1944, the defendant Clifford W. Coleman, while in the employ of the defendant Mercury Motors, Inc., negligently, carelessly and wantonly drove its truck upon and against plaintiff's intestate while he was on the street in front of his home at 311 East McLemore Avenue in the City of Memphis, Tennessee, knocked him down, ran said truck over him and injured him to the extent that he died; that on said date the defendant Coleman was driving said truck eastwardly on McLemore Avenue; that he was driving said truck in such a manner as to endanger or be likely to endanger the lives of people who might be upon the streets, and was driving the same at a greater rate of speed than was reasonably proper, having due regard to the traffic and other conditions of the street then existing; that he drove said truck without a proper lookout ahead and failed to see plaintiff's intestate and stop the truck without striking him, when by the exercise of reasonable and proper care he could have seen the plaintiff's intestate in the street so as to stop the truck and avoid injuring him; that plaintiff's intestate was visible to the

driver of the truck for a great distance as he came down McLemore Avenue, and that if said driver kept a proper lookout as he should have done and saw and observed plaintiff's intestate at a place of danger in the street, then he negligently, wantonly and recklessly ran into plaintiff's intestate and killed him, when by the exercise of ordinary and reasonable care he could have stopped said truck, or slowed it down and given an alarm by blowing his horn, so as to avoid running into plaintiff's intestate; that the said truck was not equipped with proper brakes and if so equipped the defendant failed to see the plaintiff's intestate and apply them; that the truck was not equipped with an adequate horn and if it was so equipped the driver failed to blow said horn to warn plaintiff's intestate of the approach of the truck.

The second count charges the defendants with negligence in the violation of the Statute in that the driver of the truck drove the same upon a highway recklessly and at a speed and in a manner as to endanger, or be likely to endanger life or property.

The third count charges the defendants with negligence in the violation of an ordinance of the City of Memphis providing that no trucks shall be driven at a greater rate of speed than 20 miles per hour.

The defendants plead the general issue and contributory negligence on the part of the deceased.

As to the latter plea, the Court charged the jury that by reason of the age of the deceased he could not be charged with contributory negligence.

On motion of the plaintiff the defendants were required to plead specially. They did so by denying specifically each and every allegation in the three counts of the declaration.

Upon the trial the jury returned a verdict in favor of the defendants.

The plaintiff's motion for a new trial having been overruled the plaintiff has appealed to this Court and assigned errors.

The assignments of error are as follows:

"I. The court erred in charging the jury as follows: Now, gentlemen of the jury, the defendant in this case has plead contributory negligence, in addition to that which the Court has outlined as being the defenses of the defendants. The Court charges you in that respect, under the evidence in this case as to the age of the deceased, David Finton, he could not be charged with contributory negligence, and so the Court dismisses that matter with that statement, and that therefore will not be a consideration for you gentlemen in determining what verdict you will render in this case, but in that connection, if you find that the defendant was not guilty of any act of negligence, or that the defendant was guilty of some act of negligence in the operation of that truck, but that act of negligence of which you find the defendant guilty was not the proximate cause of the death of David Finton, but, on the other hand, that the deceased, David Finton, ran out into the street across the sidewalk so suddenly and so close to the truck that nothing could be done to avoid or prevent the accident and resulting death of David Finton, then the action of David Finton would be the proximate cause under those circumstances and you would take that into consideration as you find the facts to be and determine your verdict in considering all of those matters.

"II. The Court erred in charging the jury: On the contrary, gentlemen of the jury, in the event upon a full, fair and impartial examination of all the evidence in

the case and application of the rules of law given you by the Court to that end you find that the defendant, in the operation of its truck at the time and place of the happening of the accident involved in this litigation was not negligent, or that if negligent, the negligence of the defendant was not the proximate cause of David Finton's death, then and in either of those events your verdict would not be for the plaintiff, but, on the other hand, would be for the defendant, and would read, 'We, the jury, find for the defendants', one of you signing that as foreman.

"In addition to that, in the event that you find that the action of David Finton, the deceased, in so suddenly running out over the sidewalk into the street, into the path of the truck, and so immediately close to it that the operator of the truck has no opportunity to do anything about it so as to avoid an accident, or avoid striking the deceased, David Finton, then, in that event, your verdict would be for the defendants and would read as heretofore indicated, because under those circumstances the proximate cause of that would be the action of the deceased, David Finton."

No question of fact is involved in this appeal, but, for a proper consideration of the question raised by the assignments of error, it is necessary to state the substance of the evidence as related to the respective theories of the parties.

The accident, which resulted in the death of plaintiff's intestate, David Warren Finton, a child about four years old, occurred in the street on McLemore Avenue in front of the plaintiff's home. This home is on the south side of the avenue which there runs east and west. A concrete walkway extended from the front porch of this residence to the sidewalk on the south side of the avenue, the

level of this sidewalk and avenue is lower than the front yard of the residence and concrete steps lead from the walkway to the sidewalk.

The contention of the plaintiff and the evidence in his behalf tends to show that, immediately before the accident, the plaintiff's intestate was on these steps with two other children; that the two other children left the steps to go into the house; that the plaintiff's intestate, attracted by some other children on the other side of the street, left the steps and started across the street toward the north side and was struck by the truck of the defendant at or very near the south rail of the street railway track; that the little boy had moved approximately 19 feet and two inches from the steps to where he was struck; that the truck was being driven east on McLemore Avenue at a rate of speed of 30 or 40 miles per hour; that the driver of the truck was not keeping a lookout ahead, but had his head turned to the north; that no horn was sounded or other warning given of the approach of the truck.

The contention of the defendants is, and the proof in their behalf tends to show, that at the time of the accident, several automobiles were parked along the south curb of the avenue where the child was, and that in front of the plaintiff's residence the child ran out into the street from between these cars so suddenly that the driver of the truck had no opportunity to see the child in time to stop the truck and avoid striking him; that the truck was being driven at a reasonable and lawful rate of speed and that the driver was keeping a proper lookout ahead.

The verdict of the jury has resolved these controverted issues of fact in favor of the defendants and no question is made here on them.

In the charge to the jury the Court stated the contentions of the parties on the question of negligence and said:

"Now, gentlemen of the jury, the plaintiff sets out in his declaration the alleged acts of negligence relied upon by the plaintiff and says at that time and place and immediately prior to the happening of the accident that the defendant Coleman was driving the truck in such a manner as to endanger or be likely to endanger the lives of people who might be upon the street, and was especially reckless and negligent in driving same at a greater rate of speed than was reasonable and proper under the circumstances, and further, that the defendant Coleman operated said truck without keeping a proper lookout ahead, and failed to see and observe plaintiff's decedent and therefore stop the truck without striking the said David Finton, when by the exercise of reasonable and ordinary care the defendant Coleman could have seen and observed David Finton in the street so as to stop said truck and not injure him, and that in his failure to do that he was negligent in the operation of said truck, and further, that David Finton was visible to the driver, Coleman, of the truck, for a great distance as the truck was being operated east on McLemore Avenue, and that because the operator of the truck did not keep a proper lookout as he should have done and see, or could have seen David Finton at a place of danger in the street that in this regard defendant Coleman, in the operation of the truck, was negligent, and that some one or more of these alleged acts of negligence was the proximate, or one of the proximate causes whereby the death of the plaintiff's decedent, David Finton, was caused. And further, that the truck was being operated in violation of a City Ordinance of the City of Memphis, which City

Ordinance reads as follows: 'No trucks or vehicles designed for carrying freight and merchandise of one ton capacity or over shall be driven at a greater rate of speed than twenty miles per hour.' With respect to that City Ordinance, gentlemen of the jury, the Court charges you that is a valid City ordinance of the City of Memphis and applicable to the operation of a one and a half ton or over capacity truck being operated in the City of Memphis, and that if that ordinance was violated, then the violation of that ordinance would amount to negligence per se, that is to say simply by the violation of the ordinance it would amount to negligence, but in that regard it would next be your duty to inquire if the violation of the ordinance, being negligence in and of itself, was the proximate or one of the proximate causes whereby the death of David Finton was caused. So the plaintiff says that some one or more of these alleged acts of negligence, as the Court has outlined them to you, was the proximate cause of the plaintiff's decedent's death, and that the defendant Coleman, in the operation of the defendant Mercury Motors, Inc., truck, was guilty of some one or more, or all of those acts of negligence, and that was the proximate and direct cause of the plaintiff's decedent's death, and therefore that the plaintiff is entitled to recover some sum reflected by your verdict that would compensate for the pecuniary value of the life of the deceased, David Finton.

''Now, gentlemen of the jury, the defendants, and each of them and both, answer those charges of negligence and deny that the defendant Coleman or the Mercury Motors, Inc., or either of them and both of them, were guilty of any of the acts charged by the plaintiff against them, and they say that they did not do the things charged against them; that they were not negligent; that

in the event you do find them negligent, that it was not that negligence that was the proximate cause of the deceased, David Finton's death; that the proximate cause of David Finton's death was his suddenly running out from the sidewalk or walkway into the street so close to the truck that the driver had no opportunity to do anything about it so as to avoid the accident, and that the truck was being operated at a reasonable and proper rate of speed under the circumstances, and that it was not being operated in violation of the City ordinance relative to a one and a half ton truck or more speed limit of twenty miles per hour, and by those denials, or that denial of the charges of the plaintiff against the defendant, puts in issue each and every material allegation contained in the plaintiff's declaration, and under the law, places the burden upon the plaintiff to make out his case to the extent of a preponderance or a greater weight of the evidence. . . .

"Now, gentlemen of the jury, the defendant in this case has plead contributory negligence, in addition to that which the Court has outlined as being the defenses of the defendants, the Court charges you in that respect, under the evidence in this case as to the age of the deceased, David Finton, he could not be charged with contributory negligence, and so the Court dismisses that matter with that statement, and that therefore will not be a consideration for you gentlemen in determining what verdict you will render in this case, but in that connection, if you find that the defendant was not guilty of any act of negligence, or that the defendant was guilty of some act of negligence in the operation of that truck, but that act of negligence of which you find the defendant guilty was not the proximate cause of the death of David Finton, but, on the other hand, that the deceased,

David Finton, ran out into the street across the sidewalk so suddenly and so close to the truck that nothing could be done to avoid or prevent the accident and resulting death of David Finton, then the action of David Finton would be the proximate cause under those circumstances and you would take that into consideration as you find the facts to be and determine your verdict in considering all of those matters. . . .

"Now, gentlemen of the jury, in the event that you find that on August 5, 1944, in the operation of the defendant's truck east on McLemore Avenue the defendants were negligent in some one or more of the respects charged by the plaintiff against them, and that that negligence was the proximate cause of the death of plaintiff's decedent, David Finton, then and in that event your verdict would be for the plaintiff and would read 'We, the jury, find in favor of the plaintiff and assess the damages in the sum of $———, naming the amount, one of you signing that as foreman.'

"On the contrary, gentlemen of the jury, in the event upon a full, fair and impartial examination of all the evidence in the case and application of the rules of law given you by the Court to that end you find that the defendant, in the operation of its truck at the time and place of the happening of the accident involved in this litigation was not negligent, or that if negligent, the negligence of the defendant was not the proximate cause of David Finton's death, then and in either of those events your verdict would not be for the plaintiff, but, on the other hand, would be. for the defendant, and would read 'We, the jury, find for the defendants,' one of you signing that as foreman.

"In addition to that, in the event that you find that the action of David Finton, the deceased, in so suddenly

running out over the sidewalk into the street, into the path of the truck, and so immediately close to it that the operator of the truck has no opportunity to do anything about it so as to avoid an accident, or avoid striking the deceased, David Finton, then, in that event, your verdict would be for the defendants and would read as heretofore indicated, because under those circumstances the proximate cause of that would be the action of the deceased, David Finton. . . ."

At the conclusion of the charge the Court inquired if there was anything further from the plaintiff and the following occurred:

"Mr. Armstrong: Yes, sir, just one thing.

"The Court: At the request of the plaintiff, the Court charges you as follows: And if you believe from the preponderance of the evidence that the driver of the truck was guilty of any negligence as charged in the declaration which proximately produced the death of David Finton, no matter how slight that negligence was, then in that event your verdict should be for the plaintiff.

"Gentlemen, at the request of the defendant, the Court charges you further:

"You are instructed that if you find that the defendant's truck was being operated at the time and place of the accident at a reasonable and proper rate of speed under the circumstances, and not to exceed twenty miles an hour, and upon the traveled portion of east McLemore where it had a right to be, and that the driver at that time and place was operating the truck with the same degree of care that an ordinarily prudent person would under the same circumstances, you would find that he was not guilty of any negligence or negligent act and you should find your verdict for the defendant. And

the Court further charges you that the intervening act of a child might be the responsible cause of his own injury and he could not be held guilty of contributory negligence.''.

In his charge the Court properly instructed the jury on the question of negligence and proximate cause.

The contention of the plaintiff is that the language of that part of the charge complained of in the first assignment of error exonerated the defendants, if, under the circumstances, the truck driver could not stop the truck and avoid the collision, even though the reason he could not have done so might have been attributed to the fact that he was not keeping a lookout ahead or was driving at an excessive rate of speed.

We do not think the contention is well made on this assignment. The Court stated to the jury that if the defendant was not guilty of any act of negligence proximately resulting in the death of the child the defendants were exonerated. This was a correct statement of the law as far as it went and if the plaintiff desired a further amplification on the acts of negligence relied on, it was the duty of the plaintiff to make a request to that effect.

As to the second assignment of error, the same contention is made.

The Court charged the jury the respective theories of the parties, that for the plaintiff being that if the defendants were guilty of any negligence as charged by the plaintiff which proximately caused the death of the plaintiff's intestate the verdict should be for the plaintiff. For the defendants the jury was told that if the defendants were not guilty of any negligence proximately causing the death of the plaintiff's intestate the verdict should be for the defendants.

After giving this theory of the defendants the Court added what we think might be considered another theory in behalf of the defendants when the Court said: "In addition to that , in the event that you find that the action of David Finton, the deceased, in so suddenly running out over the sidewalk into the street, into the path of the truck, and so immediately close to it that the operator of the truck has no opportunity to do anything about it so as to avoid an accident, or avoid striking the deceased, David Finton, then, in that event, your verdict would be for the defendants and would read as heretofore indicated, because under those circumstances the proximate cause of that would be the action of the deceased, David Finton."

■ This language is not qualified in any respect, and we think the jury could have inferred from it that in any event, or, under any circumstancs, if the deceased ran out into the street into the path of the truck so suddenly and so close that the truck driver could not avoid striking him the verdict should be for the defendant.

This was not the law of the case, unless, at the time the child ran out in front of the truck, the driver was in the exercise of ordinary care in the operation of the truck as to traveling at a lawful rate of speed and keeping a lookout ahead.

■ There was evidence tending to show that the driver could have seen the child standing on the steps from a distance of 300 feet; that the truck was being driven at a negligent rate of speed and in violation of the city ordinance and that the driver was not keeping a lookout ahead.

Under these circumstances the question as to whether these acts or the act of the child in running in front of

the truck constituted the proximate cause of the inquiry was for the jury.

In the last-quoted portion of the charge, the Court told the jury, without qualification, that, if the child ran into the path of the truck so suddenly that the driver of the truck could not avoid stricking him that this act of the child, as a matter of law, constituted the proximate cause.

This coming, as it did, after the Court had charged the jury as to the respective theories of the parties was, we think, misleading and prejudicial to the plaintiff. From it the jury could have inferred that the sole question for their determination was whether the child ran in front of the truck so suddenly that the driver could not avoid the accident without regard to whether the driver was at fault in its operation.

The defendants contend that the plaintiff waived any question as to the correctness of the charge by failure to offer a request to correct the same.

They rely upon the rule that if the charge of the judge be correct as far as it goes, although meagre and not a full statement of the law on the subject, it is not reversible error when there is no request for additional instruction. Many cases on this rule are cited in Michie's Digest, Vol. 1, pp. 686 and 687.

It is also the rule that positive error in the Court's charge is not waived by the party's failure to ask its correction by special requests for additional instructions. Insurance Co. v. Ayers, 88 Tenn. 728, 13 S. W. 1090.

We think there was positive error in the charge of the Court in the case at bar and this error was not waived by the failure of plaintiff to request additional instructions.

For the reasons assigned, the judgment of the Circuit Court is reversed and the cause remanded.

The defendants will pay the costs of this appeal. The costs in the Circuit Court will abide the judgment there.

Anderson, P. J., and Ketchum, J., concur.